that the proceeds, to that extent, be applied on the judgment. The plaintiff to have execution against Farley for the balance, and also for the deficiency, if any. No costs allowed on the appeal.

---

### THOMAS BUTLER *v.* DAVID MAGIE and JOSEPH NAYLOR.

A contractor with the owner for the erection of a building, cannot, in his own name, summon a sub-contractor, who has acquired a lien thereon, under the act of 1851, " for the better security of mechanics and others," to appear and submit to an accounting, pursuant to the fourth section of the statute. (*a*)

The notice provided in that section can be served only by the owner, or in his name.

Accordingly, where the original contractor served such notice, in his own name, upon the sub-contractor, who failed to appear on the return day, whereupon an order was made, *ex parte*, directing the default of the latter to be entered and in terms discharging the lien; the order was vacated on application to the court.

SPECIAL TERM, FEBRUARY, 1856.

Before DALY, J.

MOTION to vacate an *ex parte* order, granted in a proceeding under the " act for the better security of mechanics and others in the city of New York," passed July 11, 1851.

The plaintiff, Thomas Butler, having furnished granite and performed labor, pursuant to a verbal agreement with the defendant, Joseph Naylor, and in conformity with a contract made by the latter for the erection of a building on a lot of ground owned by the defendant, David Magie, at the corner of Water and Moore streets, filed with the county clerk, on the sixth of September, 1854, the notice prescribed in § 6 of the statute, for the purpose of effecting a lien for $565, the alleged value of the work and materials.

---

(*a*) See the case of *Carpenter* v. *Jaques, ante,* p. 571.

On the sixth of October following, Naylor, the contractor, served upon Butler, the claimant, a notice requiring the latter to appear in this court, on the 30th of October, 1854, at 10 A. M., and submit to an accounting and settlement therein, of the amount claimed in the notice of lien.

On the return day of the notice served upon Butler, he omitted to appear, whereupon the contractor, upon proving the service of the notice, and on the motion of his counsel, who were present in court, took an order, reciting the steps taken to acquire the lien, the service of the notice to bring the same to a close, and the non-appearance of the claimant, and directing his default to be entered and the lien to be discharged.

The claimant now moved, at a special term, that the order be vacated.

*John A. Weeks, Henry G. De Forest,* and *John Newland,* for the claimant.

*Peter T. Woodbury* and *Franklin F. Churchill,* for the contractor.

DALY, J.—The question upon this application is, whether the contractor with the owner, can, under the 4th section of the act, compel the party who has imposed the lien to enforce it or bring it to a close.

The 4th section declares, that any contractor may serve a notice upon the owner, contractor or laborer, *requiring* him to appear and submit to an accounting and settlement, and the 7th and 8th sections point out the nature of the proceedings after the giving of such a notice. The 8th section declares, that if *the owner* shall not appear, then upon the filing of an affidavit of the service of the notice and of the default of *the owner*, a writ of inquiry shall issue, or the amount of the claim shall be assessed by the court; upon the return of which writ, or upon such assessment being made, judgment shall be entered, and execution shall be

issued for the enforcement of the claim. It (the 8th section) provides, that upon the appearance of both parties, issue shall be joined upon the claim made, and the proceedings thereafter are to be the same as in other civil actions.

In this case Naylor, the contractor, has served a notice upon Butler, the party imposing the lien, requiring him to appear and submit to an accounting and settlement; and Butler having failed to appear, his default has been entered and an order made discharging the lien. Butler has treated this order as improvidently granted, and has moved to set it aside, and proposes to proceed and enforce his lien as if no such default had been entered.

Upon a full and careful consideration of the statute, I am inclined to think that it makes no provision for such a proceeding as was taken by Naylor, and that if Naylor wishes to dispute the lien, or the amount for which Butler claims to have a lien, he must do so by depositing, in conformity with section 11, a sum of money equal to the amount claimed, and procuring the service of a notice by the owner, upon Butler, requiring him to commence an action for the enforcement .of his lien. (*a*)　It would be very

---

(*a*) NOTE BY REPORTER.—The second subdivision of § 11 of the act provides, that the lien may be discharged by the deposit, with the clerk, of a sum of money equal to the amount claimed, which money shall thereupon be held sub- ·ject to the lien. As it is the owner's property which is affected by the lien, the contractor, if he wish to contest the claim of the sub-contractor, can have no object in depositing the money and thus removing the lien, unless to fulfill a covenant with the owner binding the contractor to keep the premises clear of such encumbrances, or to affect—as it might, perhaps, in some cases—the action of the court in awarding costs. From the case of *Carpenter* v. *Jaques, ante,* p. 571, it would seem, that in case the claimant neglects to close the lien, and the owner will not serve upon him the notice requiring him to proceed, the con- tractor has no remedy, *under the statute,* "unless he is permitted—as perhaps he may be, upon some general principles, applicable to the relation in which he stands to the owner—to *require him* to give the notice provided for in § 11," sub. 4. It is, however, intimated, in that case, that, under the circumstances now under consideration, the contractor may have some remedy founded in the equitable jurisdiction of the court.

desirable if the rights of the parties could be adjusted upon such a notice as Naylor has given, but the act affords no warrant for such a proceeding.

Order vacated.